IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIBREEL LEWIS,                              :          No. 4:25cv2120
                                            :
                    Plaintiff               :          (Judge Munley)
                                            :
          v.                                :
                                            :
THOMAS S. MCGINLEY, et al.,                 :
                                            :
                    Defendants              :
......................................................................................................

## MEMORANDUM

Plaintiff Jibreel Lewis ("Lewis"), an inmate housed at the State Correctional

Institution at Coal Township, Pennsylvania ("SCI-Coal Township"), commenced

this civil rights action pursuant to 42 U.S.C. § 1983, in the Court of Common

Pleas of Philadelphia County.  (Doc. 1-3).  Thereafter, defendants removed the

action to the United States District Court for the Eastern District of Pennsylvania.

(Doc. 1).  The Eastern District of Pennsylvania then transferred the matter to this

court because the events at issue arose at SCI-Coal Township, which is located

within the territorial boundaries of the Middle District of Pennsylvania.  (Doc. 3).

Named as defendants are Superintendent Thomas McGinley, Facility

Safety Manager Zack Flanagan, Chief Grievance Officer Dorina Varner,

Assistant Chief Grievance Officer Keri Moore, and the Psychology Department at

SCI-Coal Township.  (Doc. 1-3 ¶¶ 4-7).

Presently pending is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants McGinley, Flanagan, Varner, and Moore. (Doc. 7). Lewis failed to respond to the motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons that follow, the court will grant the motion.

## I.   **Factual Background**

At all relevant times, Lewis was housed in cell #49 on Block FA at SCI-Coal Township. (Doc. 1 ¶ 9). Lewis alleges that the cell had no window or wicket and no clean air ventilation. (Id.). He further asserts that the cells at SCI-Coal Township do not have a sprinkler system. (Id.). Lewis alleges that, on October 21, 2024, there was a fire in an adjoining cell which caused smoke to enter his cell through a vent. (Id. ¶¶ 8, 10). He asserts that the smoke caused him "panic and mental anguish." (Id. ¶ 10).

On October 21, 2024, Lewis filed a grievance related to his complaints about the sprinkler system at SCI-Coal Township. (Id. ¶ 12). On initial review, the Grievance Coordinator dismissed the grievance as frivolous, and informed Lewis that the prison "follow[s] current building codes and that sprinklers are not

---

[1] Lewis was directed to file a brief in opposition to defendants' motion by January 6, 2026, and was admonished that failure to file an opposition brief would result in the motion being deemed unopposed. (Doc. 9) (citing LOCAL RULE OF COURT 7.6).

required in every cell." (Id.; Doc. 1-3, at 15). The Grievance Coordinator further advised that "[e]ach block has sufficient sprinkler coverage." (Doc. 1-3, at 15).

On November 1, 2024, Lewis filed an appeal to the Facility Manager, defendant McGinley, who upheld the initial review response. (Doc. 1-3 ¶ 12). Lewis alleges that defendant McGinley's response to his grievance appeal was "deceptive[,]" inadequate, and "done in [w]illful [b]ad [f]aith." (Id. ¶¶ 18, 20).

Lewis appealed defendant McGinley's decision to the Chief Grievance Officer, defendant Varner. (Id. ¶ 12). Defendant Varner dismissed the appeal as frivolous. (Id.). Lewis alleges that defendant Varner, as well as defendant Moore, failed to follow proper procedure in reviewing his appeal. (Id. ¶¶ 21, 22).

The complaint does not contain any factual allegations against defendant Flanagan. (See Doc. 1-3).

Defendants now move to dismiss the complaint on the following grounds: (1) there is no constitutional right to the inmate grievance process and an inmate's disagreement with a prison official's response to a grievance does not constitute a constitutional violation; and (2) a prison official's act of responding to an inmate grievance does not establish their personal involvement. (Doc. 8).

## II.    Legal Standards

### A.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the…claim is and the grounds upon which it rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir.

4

2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

B.    42 U.S.C. Section 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III.    Discussion

### A.    Failure to State a Claim

At bottom, Lewis' claims against the named defendants relate to his dissatisfaction with the grievance procedure, an inadequate investigation, and dissatisfaction with the prison officials' responses to his grievances and grievance appeals.  (Doc. 1 ¶¶ 18-23).  These claims fail because "a prisoner does not have a free-standing right to an effective grievance process, and an officer's mishandling of grievances does not itself violate a constitutional right." Jones v. Harry, 2025 WL 2255096, at *2 (3d Cir. Aug. 7, 2025) (citation omitted); see also McKeithan v. Beard, 322 F. App'x 194, 201 (3d Cir. 2009) ("a prisoner

6

has no free-standing constitutional right to an effective grievance process");

Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) ("Inmates do not have a

constitutionally protected right to the prison grievance process.").

Therefore, Lewis' claims regarding the grievance process simply do not give rise to cognizable, independent claims. He cannot maintain a constitutional claim based upon his perception that his grievances were denied, not fully or properly investigated, or that the grievance process was inadequate. Accordingly, the court will dismiss these claims.

B.    Lack of Personal Involvement

Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. As stated, to properly set forth a Section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See West, 487 U.S. at 48; Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct, and "cannot be predicated solely on the operation of respondeat superior." Evancho, 423 F.3d at

7

353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)).  In other words, a defendant "must have personal involvement in the alleged wrongs… shown through allegations of personal direction or of actual knowledge and acquiescence[.]" Atkinson v. Taylor, 316 F.3d 257, 270 (3d Cir. 2003) (quoting Rode, 845 F.2d at 1207).

Allegations of personal involvement must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place, and personal responsibility.  Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08.  Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct.  Rode, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (grievance coordinator and superintendent's involvement in review and denial of grievance insufficient to establish personal involvement).  It is the plaintiff's burden to "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights."  Kirk v. Roan, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (quoting Evancho, 423 F.3d at 353).

Lewis alleges that defendants McGinley, Varner, and Moore each responded to his grievances or grievance appeals.  (Doc. 1 ¶¶ 18-23).  The

8

allegations against these defendants amount to their responses to grievances in a manner that Lewis is unhappy with. (Id.). "[T]he failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation." Little v. Mottern, 2017 WL 934464, at *11 (M.D. Pa. Mar. 7, 2017) (quoting Rauso v. Vaughn, 2000 WL 873285, at *16 (E.D. Pa. June 26, 2000)). Such allegations are insufficient to establish the defendants' personal involvement in the challenged conduct under Section 1983. See Caldwell v. Beard, 2008 WL 2887810, at *4 (W.D. Pa. July 23, 2008) ("Such a premise for liability [i.e., for performing a role in the grievance process] fails as a matter of law."), aff'd, 2009 WL 1111545 (3d Cir. April 27, 2009). Accordingly, the claims against defendants McGinley, Varner, and Moore will be dismissed.

Additionally, the complaint does not contain a single allegation against defendant Flanagan. (See Doc. 1-3). The only reference to defendant Flanagan appears in the Initial Review Response, which is attached as an exhibit to the complaint. (Doc. 1-3, at 15). Therein, in denying Lewis' grievance, the Grievance Officer advised Lewis that "the Facility Safety Manager, Mr. Flanagan, ... stated [the prison] follow[s] current building codes and that sprinklers are not required in every cell." (Id.). Because the complaint is completely silent as to defendant Flanagan, it is impossible to determine the alleged unconstitutional

9

action, if any, taken by this defendant.  The court must dismiss defendant Flanagan for lack of personal involvement.

C.      The Psychology Department is not a Proper Party

Once again, to state a claim under Section 1983, the plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West, 487 U.S. at 48.  A prison's medical department is not a "person" subject to suit under Section 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that the prison medical department was not a "person" for purposes of Section 1983).  Thus, the Psychology Department at SCI-Coal Township is not a proper defendant as it is not a person subject to suit under Section 1983 and it will be dismissed from this action.[2]

IV.   **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit

---

[2] Defendants' motion does not address any potential claims against the Psychology Department at SCI-Coal Township.  Nonetheless, because the court finds that the Psychology Department is not a properly named defendant and is not amenable to suit under Section 1983, it will be dismissed sua sponte.  See Kaetz v. TransUnion, 2006 WL 8451343, at *3 (M.D. Pa. April 26, 2006) (collecting cases discussing sua sponte authority to dismiss claims).

Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

The court concludes that granting Lewis leave to amend his grievance claims would be futile because the conduct alleged does not violate a federal statute or constitutional right. Moreover, Lewis failed to respond to defendants' motion to dismiss, despite being ordered to do so.

## V.    Conclusion

Consistent with the foregoing, the court will grant defendants' motion to dismiss. (Doc. 7). A separate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    March 12, 2026

11